**FIAT MOTORS OF NORTH AMERICA, INC., Plaintiff,**

v.

**The NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION OF the DEPARTMENT OF TRANSPORTATION, and Joan Claybrook, Administrator, and the U. S. Department of Transportation, Defendants.**

**No. 79 Civ. 5035 (MP).**

United States District Court,
S. D. New York.

Sept. 27, 1979.

---

**14**

Greenbaum, Wolff & Ernst, New York City, for plaintiff; Marcia B. Paul, New York City, of counsel.

Robert B. Fiske, Jr., U.S. Atty., New York City, for defendant; Jonathan A. Lindsey, Asst. U.S. Atty., New York City, of counsel.

METZNER, District Judge:

Plaintiff Fiat Motors of North America, Inc. (Fiat) seeks an order restraining defendants National Highway Traffic Safety Administration of the Department of Transportation (Administration), Joan Claybrook, its Administrator, and the Department of Transportation from proceeding with a hearing scheduled for September 26, 1979. On the argument of this motion on September 25, 1979, the hearing was adjourned to September 28, 1979.

Fiat claims that it has been deprived of its constitutional and statutory rights to adequate notice, that it will be deprived of an adequate opportunity to present its views and evidence at the hearing, and that it will be deprived of a hearing before an impartial tribunal. It further claims that there should be a segregation of the issues to be raised at such hearing and that the issue of the secret recall campaign of the 1970-74 Fiat Model 124 vehicles should not be heard at such a hearing.

On August 27, 1979, Fiat received from the Administration a notice of hearing on September 26, 1979. That notice referred to the action taken by the Administration on January 16, 1979, in which Fiat was notified of "a finding of a defect due to rust and corrosion in 1970–1974 models of the 850 and 124 Fiat automobiles." Fiat was furnished at that time with a copy of the investigative report which was the basis of the finding. It was further pointed out that on March 16, 1979, the Administration and Fiat entered into an agreement to recall only the 1970–71 Spyder 850 model cars and suspended the finding of defect in the 1970–74 model 124 and the remaining 850 model vehicles.

The notice went on to give reasons why it was reinstating the finding of defect as to the 1970–74 model 124. In addition, the Administration notified Fiat that the latter's repurchase campaign of model 124 vehicles was in violation of the National Traffic and Motor Vehicle Safety Act of 1966 (the Act) in certain specified respects.

Fiat was advised in this notice that at the hearing it could present data, views and arguments respecting the initial finding of defect and the inadequacy of the repurchase plan regarding model 124. The notice also stated that Fiat was being sent "a copy of the documents which include or refer to all of the information on which the determination was made." In addition, Fiat was advised that a Public File in the matter was available for inspection at the offices of the Administration.

Finally, the Administration scheduled a hearing on the adequacy of the recall campaign of the 850 model to proceed jointly with the above hearing.

The courts are extremely reluctant to interfere with agency action prior to the rendition of a final determination by the

agency. This is known as the exhaustion of remedies doctrine. No citation is needed to sustain it. Only after the rendition of such determination is the record complete and it is known whether judicial intervention is warranted.

Here we are met by objections raised prior to the hearing. All of them may properly be raised at the hearing and if improperly resolved, they are subject to de novo review. *United States v. General Motors Corporation*, 518 F.2d 420, 426 (D.C.Cir. 1975). Thus, plaintiff here has greater protection than the normally aggrieved person in an administrative review situation. 5 U.S.C. § 706.

On the oral argument and in its affidavits, Fiat has expressed its extreme concern about the effect on the sale of its cars in the event of an adverse ruling by the Administration. There is nothing new in this argument because it is made in so many administrative proceedings. The common example arises under the Federal Food, Drug and Cosmetic Act. The risk, however, is just not enough to prevent the proceedings from going forward. In fact, in view of the de novo review available here, the action of the Administration is somewhat akin to the action of a grand jury in a criminal case. An indictment may ruin the reputation of a professional man even though he achieves vindication at the hands of a trial jury. No one would argue that this state of affairs requires the grand jury not to return an indictment. In most cases claimed violation of constitutional rights may not be addressed until after indictment.

Fiat raises certain claims of law of due process in the procedures followed in this informal adjudication proceeding. Bear in mind, however, that Congress desired speed in the resolution of problems in this field which greatly affect the physical safety of the public. This, perhaps, is why it provided for de novo review which excluded such proceedings from the normal adjudication requirements applicable to agency hearings by 5 U.S.C. § 554.

Fiat received one month's notice of the hearing which on its face is a reasonable time. When you also consider the proceedings initiated by the notice of January 16, 1979, the subsequent negotiations leading to the settlement of March 16, 1979, the interrogation thereafter directed to Fiat, the examination of its employees in April 1979, and the complaints received by the Administration, copies of which were sent to Fiat, there is no question of constitutional proportion raised as to the timeliness of the notice or the ability to adequately prepare for the hearing. If Fiat has problems in preparing its presentation of the case, it should make a record of that fact at the hearing and request an adjournment. The Administration has greater expertise in evaluating the request than does the court. I am sure that if the request is based on adequate and sufficient reason, it will receive a receptive ear.

The claim that the Administration has exceeded its statutory authority in order to come within the rule of *Leedom v. International Union of Mine, Mill & Smelter Workers*, 352 U.S. 145, 77 S.Ct. 154, 1 L.Ed.2d 201 (1956) is not well taken.

The notice furnished Fiat fully complies with 15 U.S.C. § 1412(a). Fiat claims the agency has not furnished it with all of the information on which the Administration based its initial determination as required by Section 1412(a). The agency counters with the assertion that it has furnished such information, and more. Whether the Administration has or has not furnished such information can only await the outcome of the hearing. Fiat fails to make the distinction between the information on which the Administration made its determination and other information which Fiat believes it needs to present its case.

Finally, I see nothing of substance in the claim that the agency refuses to segregate the issues to be considered at the hearing. The issues are clearly stated and I must assume that the agency will take them up in an orderly fashion. There is no analogy to be drawn from Rules 8(a) and 14 of the Federal Rules of Criminal Procedure, or

Rule 42(b) of the Federal Rules of Civil Procedure. These are directed more toward trial by jury than trials by the court. There is even less chance of confusion when the hearing is being conducted by the Administration, which has expertise in the area.

It is charged that the defendant Administrator has exhibited bias and prejudice in this matter to the extent that Fiat will be deprived of an impartial tribunal. The court has read the newspaper statement of the Administrator and while a more judicious use of words could have been used by a person in the Administrator's position, I do not find that the article exhibited a bias and prejudice justifying a finding of lack of impartiality.

Plaintiff has failed to satisfy either the requirements for a preliminary injunction as set forth in *State of New York v. Nuclear Regulatory Commission*, 550 F.2d 745 (2d Cir. 1977), or *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973).

The motion is denied and the hearing presently set for September 28, 1979, will go forward as scheduled.

So ordered.